UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MULE CREEK STATE PRISON,<br><br>　　　　Defendant. | No. 2:20-cv-0817 KJN P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner at Mule Creek State Prison, filed copies of administrative grievances regarding missing property.[1]  No other pleadings have been filed by the plaintiff.

　　　　In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and plaintiff must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.[2]  See 28 U.S.C. §§ 1914(a), 1915(a).

---

[1] Plaintiff is advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The California Legislature provides a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

1

1  The court will not issue any orders granting or denying relief until an action has been properly
2  commenced.  Plaintiff is provided the opportunity to file his complaint, and to submit an
3  application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.
4  In the alternative, plaintiff may request that this action be dismissed.[3]  Fed. R. Civ. P. 41(a).

5        In accordance with the above, IT IS HEREBY ORDERED that:

6        1. Plaintiff is granted thirty days from the date of service of this order to file a request to
7  voluntarily dismiss this case, or to file a complaint that complies with the requirements of the
8  Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the
9  complaint must bear the docket number assigned this case; plaintiff must file an original and two
10 copies of the complaint.  If plaintiff chooses to file a complaint, he shall also submit, within thirty
11 days from the date of this order, the application to proceed in forma pauperis on the form
12 provided by the Clerk of Court, or the filing fee in the amount of $400.00.[4]

13 Plaintiff's failure to comply with this order will result in a recommendation that this
14 matter be dismissed.

15       2. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil
16 rights action, and the application to proceed in forma pauperis by a prisoner.

17 Dated:  April 30, 2020

/hern0817.nocompl

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2]  If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

[3]  Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g).  Given the three "strikes" provision of § 1915(g), plaintiff is given the opportunity to decide whether or not he wishes to assume the risk of incurring a potential § 1915(g) "strike" based on the subject-matter of the grievances provided.

[4]  The $400.00 is comprised of the $350.00 filing fee and a $50.00 administrative fee.  If plaintiff is granted leave to proceed in forma pauperis, plaintiff is not required to pay the $50.00 administrative fee.